Margaret J. Cascino, Esquire
STERN & EISENBERG, PC
485 B Route 1 South, Suite 330
Woodbridge Corporate Center
Iselin, NJ 08830
(516) 630-0288
(732) 726-8719
(COUNSEL FOR MOVANT)

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

| In Re: | |
|---|---|
| KRISTIN FARLEY<br>Debtor(s). | Chapter: 13<br>Bankruptcy Case: 16-23672-RDD<br>Assigned to Bankruptcy Judge:<br>Judge Robert D. Drain |

*Application of Waterfall Victoria Grantor Trust II, Series G.  For Relief from the automatic Stay under 11 U.S.C.  §362(d) (and 11 U.S.C. § 1301) With Respect to Property: 25 GRAND STREET, NEW CITY, NY 10956 (the "Property")*

Waterfall Victoria Grantor Trust II, Series G., through its Counsel Stern & Eisenberg PC, respectfully requests the Court grant its Application/Motion for Relief with regard to the Property and in support thereof respectfully represents as follows:

1. Waterfall Victoria Grantor Trust II, Series G. by its mortgage servicer Statebridge Company LLC, (hereinafter "Movant") is a secured creditor of the Debtor as more fully set forth herein.

2. Debtor, KRISTIN FARLEY, ("Debtor"), is, upon information and belief, an adult individual whose last-known address is 25 GRAND STREET, NEW CITY, NY 10956.

3. On January 26, 2006, Debtor executed and delivered a note, in the principal sum of $341,250.00 (the "Note") to ABN AMRO Mortgage Group, Inc., A Delaware Corporation. A true and correct copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, Debtor executed and delivered a mortgage in the principal sum of $341,250.00 (the "Mortgage") to ABN AMRO Mortgage Group, Inc. The Mortgage was duly recorded in the Rockland County Clerk's Office, Instrument No.:2006-00015137. A true and correct copy of the recorded Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. Waterfall Victoria Grantor Trust II, Series G. is the holder of the original Note and assignee of the Mortgage. A true and correct copy of the chain of assignments is attached as Exhibit "C" and is hereby incorporated by reference.

MFR CH 13

6. Debtor defaulted on the monthly mortgage payments under the terms of the Note and Mortgage resulting in the commencement of foreclosure proceedings in the Supreme Court of the State of New York, Rockland County under Index: 030753/2014. Judgment of Foreclosure and Sale was entered on October 21, 2016.

7. Debtor filed the instant Chapter 13 Bankruptcy on December 6, 2016 and as a result, the foreclosure sale scheduled for December 7, 2016 was cancelled.

8. Debtor's mortgage loan is in default and is currently due for the January 1, 2017 payment and each subsequent payment through the date of the motion. Debtor has failed to make the following payments to Movant:

### POST-PETITION PAYMENTS IN DEFAULT

| | |
|---|---|
| Monthly Payments in Default........................ | 01/01/2017 to 02/01/2017 |
| Monthly payments ($2,185.95 x 2) | $4,371.90 |
| Monthly Payments in Default........................ | 03/01/2017 to 07/01/2017 |
| Monthly payments ($2,271.01 x 5) | $11,355.05 |
| Other Fees: | $2,241.00 |
| Suspense Balance:........................ | $0.00 |
| Total Amounts Due as of May 23, 2017: | $17,967.95 |

9. According the attached affidavit, the total amount due on the loan is $511,563.43.

10. In addition, Movant has incurred fees, in the amount of $850.00, and costs, in the amount of $181.00.

11. As a result of the Debtor's default and failure to make payments or to otherwise fail to adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief. Movant may be required to incur additional expenses and advances for taxes, insurance, property preservation and other amounts in order to protect its security interest in the Property.

12. As per a Broker's Price Opinion obtained by Movant on January 10, 2017, the value of the Property is listed as $335,000.00. A copy of the BPO is attached as Exhibit "D" and is hereby incorporate by reference.

13. Section 362(d) of the Bankruptcy provides a statutory remedy for creditors to obtain relief from the automatic stay imposed upon them at the time a Debtor files a bankruptcy petition 11 U.S.C. §362(d). Section 362(d) provides in pertinent part:
> *On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating , annulling, modifying or conditioning such stay:*

MFR CH 13

> *(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;*
>
> *(2) with respect to a stay of an act against property under subsection (a) of this section if:*
>
> > *(A) the debtor does not have any equity in such property;*
> > *(B) such property is not necessary for an effective reorganization;*

11 U.S.C. §362(d).

14. As a result of the Debtor's default and failure to submit post-payments to Movant, Movant is not adequately protected and is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1). *See* In Re: Kornhauser, 185 B.R. 425 (Bankr. S.D.N.Y. (1995); *see also* In Re: Davis, 64 B.R. 358 (Bankr, S.D.N.Y. 1986) (the failure to timely submit post-petition mortgage payments constitutes cause for relief under 11 U.S.C. §362(d)(1).

15. Movant is also entitled to relief from the automatic stay pursuant to Section 362(d)(2) as the Debtor lacks equity in the Property. In Re Stewart, 745 F 2d 1194, 1195 (9th Cir. 1984); In Re Garsal Reality, Inc., 98 B.R. 154 (Bankr, N.D.N.Y. 1989) (equity is "the remaining interest belonging to one who pledged or mortgaged his property, or the surplus value which may remain after the property has been disposed of for the satisfaction of liens."). Here, the outstanding liens secured by the Property exceed the current value of the Property. Therefore, relief is also appropriate under 11 U.S.C. §362(d)(2).

16. A correct copy of the proposed Order seeking relief is attached as Exhibit "E" and hereby incorporated by reference.

17. No such prior application has been made.

WHEREFORE, Movant respectfully requests this Court to grant the appropriate relief under 11U.S.C. §362 (and 11 U.S.C. §1301) from the automatic stay as set forth in the proposed order together with such other relief as deemed just and appropriate.

Date: August 18, 2017               Stern & Eisenberg, PC

                                    By: /s/Margaret J. Cascino, Esq.
                                    Margaret J. Cascino, Esq.
                                    Stern & Eisenberg, PC
                                    485 B Route 1 South, Suite 330
                                    Woodbridge Corporate Center
                                    Iselin, NJ 08830
                                    mcascino@sterneisenberg.com
                                    Phone: (516) 630-0288
                                    Fax: (732) 726-8719
                                    Counsel for Movant

MFR CH 13