Margaret Cascino, Esquire
STERN & EISENBERG, PC
485 B Route 1 South, Suite 330
Woodbridge Corporate Center
Iselin, NJ 08830
TELEPHONE: (516) 630-0288
(COUNSEL FOR CREDITOR)

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br>    Kristin M. Farley<br>        Debtor(s) | Chapter 13<br><br>Bankruptcy Case: 16-23672-rdd |

## CREDITOR'S REQUEST FOR
## TERMINATION OF LOSS MITIGATION

Upon information and belief and based upon information furnished by the Creditor, Waterfall Victoria Master Fund, LTD., through its undersigned Counsel, who is duly authorized to practice before this Court, on behalf of Stern & Eisenberg, PC, respectfully requests termination of Loss Mitigation on the following Loan:

**Loan Information:**

- Property: 25 Grand Street, New City, New York 10956
- Last four (4) digits of Loan account number: 9901
- Creditor's lien priority position: First

**Loss Mitigation Information:**

- Loss Mitigation was requested on: March 21, 2017
- A *"Loss Mitigation Order"* was entered on: October 5, 2017
- The last Loss Mitigation session was conducted on: n/a

This request for termination of Loss Mitigation is based upon the following:

☐    **Missing Documents:** A *"Creditor Loss Mitigation Affidavit"* was served on the Debtor by Creditor and filed on ECF on _____ and Creditor still has not received the following documents *[check all that apply]*:

  ☐ Two consecutive pay periods of paystubs and/or two months of profit and loss statements from self-employed business.

  ☐ The last two years of income tax returns, signed by all taxpayers.

1

- ☐ Hardship letter

- ☐ Debtor has failed to provide the Creditor with adequate protection during Loss Mitigation as ordered by the Court by Order dated ____. The last payment received by Creditor from Debtor was on _____ in the amount of $_____, which was applied to the _____ payment.

- ☐ Statement of monthly income and expenses.

- ☐ Proof of residency.

- ☐ Third party affidavit regarding contribution.

- ☐ Two months of bank statements.

- ☐ Appraisal of home or statement of value of home

- ☐ Other to be specified here:_____.

✓ **Insufficient Income:** Debtor has insufficient income to support a loan modification. This is based upon Debtor's monthly income of $8,429.00, as determined by:

- ✓ paystubs

- ✓ tax returns

- ☐ operating statements

- ☐ budget

- ☐ third party contribution

- ☐ Debtor's monthly expenses of _____ .

- ✓ Debtor has insufficient income to support a loan modification that would add the amount of arrears of $212,132.91 to be recapitalized by the loan modification. The principal balance of the loan modification would have to be $534,982.76, which would require a monthly payment of $5,038.39 at 6.5% interest. Analysis continued in "**Other**" Section below.

☐ **Debtor Does Not Qualify:** The Debtor does not qualify for Loss Mitigation for the following reasons *[check all that apply]*:

- ☐ Debtor's real property does not qualify for Loss Mitigation based upon an appraisal dated _____ and a value of _____.

- ☐ This property is NOT Debtor's principal residence. Debtor resides at

  _____.

- ☐ Debtor has already received a loan modification as of _____, which resulted in the loan being adjusted by _____ *[a copy of the previous loan modification documents MUST be attached as an exhibit to this request]*.

- ☐ It has been determined that this loan is not in need of modification, as Debtor is current and/or is able to show the ability to pay under the note as it currently exists.

☐ **Title Issues:** There are title issues *[check all that apply]*:

- ☐ Title is in the name(s) of: _____ and the note is in the name(s) of: _____.

- ☐ Liens exist against the property;
  - ▪ they are:_____.

- ☐ Other:_____.

☐ **Previous Modification:** Debtor was approved for a loan modification as of _____, but Creditor seeks to terminate Loss Mitigation because the Debtor has not *[check all that apply]*:

- ☐ made the necessary payments in the trial period, with the last payment received by Creditor on _____ in the amount of _____.

- ☐ supplied the following documents requested on _____.

- ☐ Debtor's income has changed since the trial period. Current income is now $_____, based upon _____ while pre-trial income was $_____, based upon _____.

- ☐ Debtor's expenses have changed since the trial period. Current expenses are now $_____, based upon _____ while pre-trial expenses were $_____, based upon _____.

☐ **Lack of Adequate Protection:** Debtor has failed to provide the Creditor with adequate protection during the loss mitigation process as ordered by the Court by order dated ____. The last payment received by Creditor from Debtor was on _____ in the amount of $_____, which was applied to the _____ payment.

3

✓ **Other Cont.:**

In order to qualify for a modification, the Debt-to-Income ("DTI") ratio must be under 42%. The monthly gross income used in this calculation is $8,429.20. The Modified payment was calculated at 6.5% P&I of $4,223.76, Escrow $814.63, total new PITI payment would be $5,038.39 divided by the Gross income equals 59.77%.

I hereby attest that on December 5, 2017, Debtor's attorney John P. Fazzio, Esq., was noticed with Creditor's determination to deny Debtor for a loan modification and the intent to request termination of the loss mitigation program. On December 19, 2017 a conference call was conducted to discuss the figures used in the denial. On December 22, 2017, Creditor received an appeal letter from Debtor's attorney for review. On January 12, 2018, our office conducted a second conference call with Debtor's Attorney addressing the issues raised in Debtor's appeal and to further breakdown the figures Creditor used in making its decision.

I hereby understand that the *"Creditor's Request for Termination of Loss Mitigation"* will NOT be entertained by the Court unless Creditor conducts a telephone status conference with the Debtor's designated contact person and advises the Debtor's designated contact person of the basis for the denial **PRIOR** to requesting termination.

Wherefore, Waterfall Victoria Master Fund, LTD., by and through its undersigned counsel, hereby requests termination of the loss mitigation process based upon the above information supplied by the Debtor and relied upon by the Creditor.

Date: April 5, 2018         BY:    /s/ Margaret J. Cascino, Esquire
                                   Margaret J. Cascino, Esquire
                                   Stern & Eisenberg, PC
                                   485 B Route 1 South, Suite 330
                                   Woodbridge Corporate Center
                                   Iselin, NJ 08830
                                   Telephone: (516) 630-0288
                                   mcasino@sterneisenberg.com
                                   Attorney for Creditor

4