

Stern & Eisenberg, PC
www.sterneisenberg.com

Woodbridge Corporate Plaza
485B Route 1 South, Suite 330
Iselin, New Jersey 08830
Telephone: (732) 582-6344
Facsimile: (732) 726-8719
sweisblatt@sterneisenberg.com

January 10, 2019

Judge Robert D. Drain
United States Bankruptcy Court
Southern District of New York

Re: Kristen M. Farley
Case Number: 16-23672
<u>Subject</u>: **Status Report of Loss Mitigation between Debtor and Creditor**

Dear Judge Drain:

On October 18, 2018, Creditor offered Debtor a Trial Modification Plan. Debtor indicated that she would not be able to accept the trial under its terms. The terms are copied hereto:

| Trial Period Payment # | P&I Payment | T&I Payment | Total Trial Period Payment | Due Date On or Before |
|---|---|---|---|---|
| **GOOD FAITH PAYMENT** | | | **$25,000.00** | **November 15, 2018** |
| 1 | $1,736.80 | $835.32 | $2,572.12 | December 01, 2018 |
| 2 | $1,736.80 | $835.32 | $2,572.12 | January 01, 2019 |
| 3 | $1,736.80 | $835.32 | $2,572.12 | February 01, 2019 |
| 4 | $1,736.80 | $835.32 | $2,572.12 | March 01, 2019 |
| 5 | $1,736.80 | $835.32 | $2,572.12 | April 01, 2019 |
| 6 | $1,736.80 | $835.32 | $2,572.12 | May 01, 2019 |
| 7 | $1,736.80 | $835.32 | $2,572.12 | June 01, 2019 |
| 8 | $1,736.80 | $835.32 | $2,572.12 | July 01, 2019 |
| 9 | $1,736.80 | $835.32 | $2,572.12 | August 01, 2019 |

Debtor indicated that she would not be able to make such a large down payment and counter-offered $10,000 upfront with an additional $3,000.00 split over the 9-month trial for a total of $13,000.00.

Creditor responded that it is willing to accept a down payment of $10,000.00 with the remaining $15,000.00 over the 9-month trial, but it cannot reduce the total down payment amount.

The November 28 loss mitigation status conference was adjourned to see whether the Debtor and Creditor could come to a resolution for the trial modification offer. Additionally, the court required Debtor to make adequate protection payments for December and January. Debtor has not made the payments that were required by your Honor.

Our office made numerous attempts after the LM conference to set up a joint conference call with Debtor and an employee with full Settlement Authority to discuss the file and review potential work-outs. However, our office has had difficulty arranging the conference with Debtor's Attorney. Frustrated by the inability to conduct the conference, Creditor went ahead and extended a second trial offer on December 19, 2018 as follows:

1. $25,000.00 good faith payment: $10,000.00 in immediately and remaining to paid over the nine month trial period and due in full at the end of the trial
2. Regular payment to be made in January
3. Trial period payments: Begin February
4. Offer expires December 24, 2018.

We eventually conducted the conference call on December 28, 2018. During the conference, it was expressed repeatedly that Creditor will not accept an amount below the $25,000.00 and that it must be received over the 9-month trial.

During the conference call Debtor's Attorney believed that his client did not have available funds for the down payment and indicated that the $10,000.00 would be a loan from borrower's child. Debtor's attorney stated that there is nothing more that she can offer.

Contrary to Debtor Attorney's statement however, Ms. Farley submitted a loss mitigation packet and filed a Bankruptcy Petition that indicates she has available funds for the down payment. This information was brought to the Debtor Attorney's attention during the conference call.

Ms. Farley's loss mitigation application, indicates on page 5 that she has the following accounts:
- 401K – $46,106.00
- Savings - $2,200
- Pension/Annuity - $160,591.89

*Screen Print of Loss Mitigation Application:*

| Assets | | | |
|---|---|---|---|
| **SAVINGS OR INVESTMENTS** | | | |
| 401(K) or IRA | 46,106 | Savings/Emergency Fund | 2,200 |
| Stocks/Bonds/Mutual Funds | 0 | Other Pension/Annuity | 160,591.89 |

Signature of Borrower / Date 6/18/2018

Signature of Co-Borrower     Date

Main Office NMLS # 5985
Branch Office
NMLS # 8703
Scott Nielsen
NMLS # 191008

This also coincides with Ms. Farley's BK petition, which is copied below, showing she has a 401(k) and Pension. When Ms. Farley filed for bankruptcy in 2015, her Petition indicated that she had $23,438.00 in the 401(k). Ms. Farley has been contributing to both accounts during her bankruptcy but has failed to make a single post-petition mortgage payment. The last full PITI payment received on this Loan was April 3, 2010, and the Loan is due for September 1, 2009.

*Screen Print of Chapter 13 BK Petition:*

21. Retirement or pension accounts
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

    ☐ No
    ☑ Yes. List each account separately.

    | Type of account: | Institution name: | |
    |---|---|---|
    | 401(k) or similar plan: | 401k Retirement Plan | $23,438.00 |
    | Pension plan: | Pension | $122,976.00 |
    | IRA: | | $ |
    | Retirement account: | | $ |
    | Keogh: | | $ |
    | Additional account: | | $ |
    | Additional account: | | $ |

Creditor acknowledges that Debtor has submitted a letter stating that she cannot withdraw from her Pension, however **no such proof has been submitted for the 401(k)** showing she is unable to withdraw from that account.

After Debtor's Attorney indicated that he was not aware of the 401(k), Creditor agreed to allow a few more days for explanation before making a final determination. Our office reached out to Debtor Attorney's office on January 4th, 7th, and 9th, but we have not received an explanation for the 401(k), nor proof that she cannot withdraw from it.

The borrower is more than $50,000 behind in post-petition payments. The borrower has not made any payments as directed by the Court from the last hearing.

As a result, Creditor is filing a concurrent Request for Termination for the above reasons. If for any reason the Debtor obtains proof that she cannot withdraw from her 401(k), Creditor will take this into consideration, however Debtor's Attorney has failed to provide same after repeated requests.

Creditor vehemently requests the LM be terminated, however if you Honor believes it is appropriate to allow additional time for Debtor to provide explanation for the 401K, then we respectfully request that your Honor set a drop dead date for adequate protection payments, proof that Debtor cannot withdraw from the 401(k), and require Debtor's Attorney file a status report indicating proof and compliance of same.

Please do not hesitate to contact our office with any questions.

Sincerely,
/s/ *Stacey Weisblatt, Esq.*
Stacey Weisblatt, Esquire
STERN & EISENBERG, P.C.